CASE 66.—SEPARATE CONDEMNATION PROCEEDINGS TO
    SECURE RIGHT OF WAY BY THE KIRK-CHRISTY
    COMPANY, AGAINST THE AMERICAN ASSOCIA-
    TION, INCORPORATED, AND THE LOUISVILLE
    PROPERTY CO.

## Kirk-Christy Co. v. Am. Assn. (Inc.)
## Same v. Louisville Property Co.

Appeal from Bell Circuit Court.

M. J. Moss, Circuit Judge.

From a judgment dismissing the proceedings plain-
tiff appeals—Reversed.

1. Eminent Domain—Public Use—Constitutionality of Statute.—
   Laws 1904, p. 311, c. 126, providing that a person may con-
   demn a right of way over the land of another, where neces-
   sary, for the purpose of marketing the products of his soil,
   is not unconstitutional.

2. Same—Proceedings — Parties—Corporations — Statutory Provi-
   sions.—A corporation as well as an individual may institute
   proceedings under Laws 1904, p. 311, c. 126, permitting a per-
   son to condemn a right of way over land of another, where
   necessary, for the purpose of marketing the products of his
   soil, since the act makes no distinction between natural and
   artificial persons; and a foreign corporation is an artificial
   person no less than a home corporation.

3. Corporations — Foreign—Actions — Pleadings — Petition—Com-
   pliance with Statute.—A foreign corporation need not allege
   in its petition for the condemnation of a right of way under
   Laws 1904, p. 311, c. 126, that it has complied with the statutes,
   and is entitled to do business in the State; but, if it has not
   complied with the statute; its failure to do so is a matter of
   defense, to be presented by answer.

4. Eminent Domain—Proceedings—Hearing.—Laws 1904, p. 311,
   c. 126, section 1, provides that, where it appears to the court
   that it is necessary for a person to have a right of way

over the land of another in order to market the products of his own land, it shall appoint commissioners, who shall determine and report whether the right of way is necessary. Section 2 provides that upon the filing of the report process shall issue against the owners to show cause why the report should not be confirmed. Held that, when the petition shows the facts required by the statute, the court should appoint commissioners, and should not hear the case until the report has come in and process has issued against the landowners, since the statute contemplates that the facts should be presented to the court by the report before a hearing of the issues upon the merits.

5. Same—Purpose of Notice.—Laws 1904, p. 313, c. 126, section 2, relating to condemnation, provides that upon the filing of the report of commissioners appointed to ascertain the necessity to a landowner of a right of way over the land of another, sought to be condemned under the act, process shall issue against the owners of the land to show cause why the report should not be confirmed, etc. Ky. St. 1903, section 4349, provides that the applicant for commissioners shall give the person through whose land the passway is proposed, 10 days' previous notice of the intended application. Held, that the purpose of the notice is to permit the person receiving it to be heard on the question as to who shall be appointed commissioners, and as to whether or not the applicant has presented a state of facts, bringing him within the statute.

COOK & JONES for appellant.

1. We submit that the act of the Kentucky Legislature of 1904, c. 126, p. 311, authorizing the condemnation of lands for the purpose of hauling timber from other lands over them to market, is a valid exercise of the legislative power, demanded by necessity in the interest of justice, and dictated by public policy and the best interest of the State.

2. The people of Kentucky have an interest in the development of every portion of the State, in inviting capital of individuals as well as corporations, both foreign and resident, to invest in its resources, but it is not to the interest of the people of the State that corporations such as appellee, inspired by greed, shall be permitted to confiscate the property of another even though that other be a foreign corporation.

3. We submit that the act of 1904, when construed under section 457 of the Ky. Statutes, authorizes any corporation foreign or domestic to condemn land for a passway or haulroad, that is

needful to reach a market for timber. (Robinson v. Swope, 12 Bush, 21; Thompson on Corporations, vol. 4, sec. 5596.)

B. D. WARFIELD AND WILLIAM AYERS for Louisville Property Company. WILLIAM LOW for Am. Association (Inc.).

POINTS AND CITATIONS.

Construction and validity of the act of 1904 amending section 4348 of Ky. Statutes and providing for condemnation of "private passways" and "private tramways and haulroads;" and the sufficiency of the pleadings herein.

1. Said act does not apply to foreign corporations. Even if it does so apply, the appellant has shown no right in itself to sue thereunder. (Ky. Constitution, 194, 199, 202, 211; Ky. Stats., 570, 571, 842a (Interurban Electric Railroads; 843 (Bridge Companies); 4689a (Telegraph Companies); chapters: 49 (Ferries); 87 (Mills); 110 (Roads & Passways); 129 (Turnpike & Gravel Roads); Warden v. Madisonville H. & E. Co., 101 S. W. 914, 13 A. & E., 2nd. Ed., pp. 837, 839, 858; 10 A. & E., 2nd. End., p. 1054; 15 Cyc. of L. & P., p. 573; Life Ass'n of America v. Rundle, 103 U. S., 222; Bank of Augusta v. Earle, 13 Peters, 585; Postal Telegraph Cable Co. v. M. & O. R. R. Co., 21 Ky. Law Rep., 1188; Gates v. Commonwealth, 105 S. W. 432, In re Est. of Prime, 18 L. R. A., 713; Spratt v. Helena Power, &c., Co. 8 L. R. A., New Series, 567; Cooley's Constitutional Limitations, 5th Ed., p. 656; Black's Constitutional Law, pp. 354, 355; Evansville & H. Traction Co. v. Henderson Bridge Co., 72 C. C. A., 539; L. & N. R. R. Co. v. Brantley's Admr., 96 Ky., 297).

2. Said act is void because it conflicts with article 13 of the constitution of Kentucky, and with the fourteenth amendment to the constitution of the United States and with section 10 of article 1 thereof. (Const. of Ky., 1799, art. 10, sec. 12; Const. of Ky. 1850, art. 13, sec. 14; Const. of Ky. 1891, secs. 13, 242; Const. of United States, art. 1, sec. 10 and Fourteenth Amend.; Ky. Stats. on Ferries, Mills, &c., as above cited; Robinson v. Swope, 12 Bush, 21; Scuffletown Fence Co. v. McAllister, 12 Bush, 312; Hancock Stock, &c. Co. v. Adams, 87 Ky., 417; Pierce's Heirs v. Patton, 7 B. Mon., 162; Tracy v. Elizabethtown, &c. R. R. Co., 80 Ky., 259; Shake v. Frazier, 94 Ky., 143; Black's Const. Law, pp. 355, 356; Cooley's Const. Lim. pp. 666, 657; Minn. Canal & P. Co. v. Kooch Co., 5 L. R. A. N. S. 642; Brown v. Gerald, 70 L. R. A., 472; Miocene Ditch Co. v. Lyng, 70 C. C. A., 485; Mo. Pac. R. R. Co. v. Nebraska, 164 U. S., 416, and cases cited theein.)

OPINION OF THE COURT BY JUDGE HOBSON—Reversing.

·These proceedings were instituted in the Bell county court by the Kirk-Christy Company against the Louisville Property Company and the American Association, Incorporated, to condemn a right of way over their lands under the act of 1904, so that it might get out certain timber owned by it. See Acts 1904, p. 311, c. 126. The county court dismissed the proceedings on the ground that the act is unconstitutional. The plaintiff appealed to the circuit court, which concurred in the same view. From this judgment, the appeals before us are prosecuted.

In the recent case of Chesapeake Stone Co. v. Moreland (Ky.), 104 S. W. 762, 31 Ky. Law Rep. 1075, 126 Ky. 664, decided since these cases were heard in the court below, we held the act constitutional. We are asked to reconsider that ruling; but upon a re-examination of the subject we see no reason for disturbing the rule then laid down. Under that act a corporation no less than a private person may institute the proceedings. The act makes no distinction between natural and artificial persons. Neither the language nor the purpose of the act would justify a distinction. A foreign corporation is an artificial person in this State no less than a home corporation. If it be true that the applicant has not complied with our statutes, and is not entitled to do business in the State, this defense may be presented by answer. It was unnecessary for the plaintiff to anticipate in its petition matter of this sort. When the petition of the applicant shows the necessary facts required by the statute, the court should make an order appoint-

ing commissioners, and upon the coming in of the report of the commissioners process should go against the owners to show cause why the report should not be confirmed. They may then make their defense, but the court should not hear the case twice; and no process against the landowners is necessary until the report of the commissioners is filed. The purpose of the statute is that the facts be gotten before the court by the report of the commissioners before any hearing of the case by the court; for it may be that the commissioners will lay off a different route from that asked by the applicant, and no issues should be heard in the case until the report of the commissioners comes in and it is definitely settled where the way will be located. Section 2 of the act of 1904 is as follows: "Upon the filing of the report of the commissioners, the clerk of the county court shall issue process against the owners to show cause why the said report should not be confirmed, and shall make such orders as to nonresidents, and persons under disability as are required by the Civil Code of Practice in actions against them in the circuit court." Section 4340, Ky. St. 1903, which is a part of the original act, is in these words: "The applicant for commissioners shall give the person through whose land the passway is proposed 10 days' previous notice of the intended application." When these provisions are read together, we think they mean that the applicant must give the person through whose land the passway is proposed 10 days' notice of the intended application; so that he may be heard in the county court, if he desires to be, as to who shall be commissioners, and as to whether or not the applicant presents a state of facts, bringing him within the statute; but all questions which go to the merits of the case, where an issue is taken upon

the petition, should be tried after the commissioners' report is filed.

Judgment reversed, and cause remanded to the circuit court, with directions to remand it to the county court for further proceedings consistent herewith.