CASE 71.—ACTION BY A. J. ASHER AGAINST JAMES S. Mc-
KNIGHT AND OTHERS TO REMOVE A DAM FROM
A STREAM ALLEGED TO BE NAVIGABLE.—Oct. 7.

# Asher v. McKnight, &c.

Appeal from Harlan Circuit Court.

M. J. Moss, Circuit Judge.

From a judgment dismissing the petition plaintiff
appeals—Affirmed.

Navigable Waters — Right to Float Lumber. — A stream across
which one can step, in its ordinary stages, 10 or 12 feet
wide at the top of the banks, about 4 feet deep when the
banks are full, with bushes growing on the sides and meeting
in the middle of the stream, with water gate across it, incap-
able of use for floating staves at any stage unless men walk
along the banks with poles to push the staves from the
banks and around the shoals, is not a navigable stream, and
cannot be used for the purpose of floating out staves against
the wishes of the owners of the land through which the
stream flows, without compensation.

HAZELRIGG, CHENAULT & HAZELRIGG for appellants.

The true test of navigability is capacity of floatage for a valu-
able commercial purpose; as the stream which is desired to be
used is adaptable to that use. We submit that the proof shows
this beyond all doubt. (Goodwin v. Ky. Lumber Co., 90 Ky., 625;
Brown v. Chadburn, 31 Me., 9; Moore v. Sanbourne, 2 Mich., 519;

Barkley Coal Co. v. Ingham, 36 Pa., 198; Ford Lumber Co. v. McQueen, 14 Ky. Law Rep., 521; Brubaker v. Paul, 37 Ky., 428; Banks v. Frazier, 111 Ky., 909; Olsen v. Merell, 42 Wis., 203; Buchanan v. Grand River, &c., 48 Mich., 364; Homes v. Hall, 17 Ill., 166.)

J. G. and J. S. FORRESTER for appellees.

1. The question of the necessity of appellant getting his staves to market cannot enter into consideration in this case. The court will not assist one to do an unlawful act to market his property.

2. The navigability of a stream depends entirely on its natura capacity to float products to market.

3. Before the public can acquire an easement in a stream it must be used continuously by the public for more than fifteen years. (Goodwin v. Ky. Lumber Co., 90 Ky., 625; Murray v. Preston, 21 Ky. Law Rep., 72; Banks v. Frazier, 23 Ky. Law Rep., 1197.)

OPINION OF THE COURT BY JUDGE HOBSON—Affirming.

A. J. Asher owns more than 100,000 staves on the headwaters of Straight creek, in Bell county. James S. McKnight and Delia Shell own a tract of land through which Straight creek runs for 1 1-2 miles below the land of Asher. Asher proposed to float out his staves down Straight creek, and they objected, refusing to allow him to go through their land with the staves. He then brought this suit, alleging that Straight creek is a navigable stream generally used by the public for more than 20 years past in floating staves and timber to market; that there was no other way to get out his staves, but to float them down Straight creek; and that irreparable injury would be done him if he was prevented by the defendants from floating them out. He sued out a temporary injunction, which was granted by the clerk. The defendants

filed answer, denying the allegations of the petition as to the stream being navigable, or as to Asher's having any right to use it; and on a hearing before the circuit court on motion the injunction granted by the clerk was dissolved. The case was then prepared for trial, and on final hearing the circuit court dismissed the petition; and from this judgment Asher appeals.

The proof shows that Straight creek is from 22 to 25 miles long, but that the farm of James S. McKnight and Delia Shell is on the upper part of the creek. The creek forks on their land. One prong heads about 1 1-2 miles from the fork, and the other about 2 or 2 1-2 miles above the fork. At ordinary stages of the water a man can step across either of these forks. They are no larger than streams ordinarily known as "branches." From the fork, down through their land, the bed of the stream is 10 or 12 feet wide at the top of the banks, and when the banks are full the water is about 4 feet deep. The bushes growing on the banks on either side touch in the middle of the stream. James McKnight and Delia Shell have their land inclosed and water gates across the creek. It is impossible to float any staves down the stream at any stages of the water, unless men walk along the banks with poles and push them from the banks and around the shoals. The stream, so far as the proof shows, has never been used for any practical purposes for floating out timber, except when there were splash dams. Some years ago Asher put in three splash dams, and with the aid of these he floated out a large number of logs; but the splash dams went down a number of years ago, and after this he sold the land which McKnight and Delia Shell now own. The case presented is substantially on all fours with Murray v. Preston, 106 Ky. 561, 50

S. W. 1095, 21 Ky. Law Rep. 72, 90 Am. St. Rep. 232. In that case we held that a stream essentially the same as this was not a navigable stream, and could not be used for the purpose of floating out staves, against the wishes of the owner of the land, without compensation. The authorities are collected in that opinion, which is conclusive here.

It may be true that Asher must get his staves out down Straight creek or they must rot; but it does not follow that he can take the private property of the defendants for his private use without compensation. The statute provides how a right of way may be obtained, and he must obtain a right of way to get out his staves, either by contract or by some legal proceeding. See Kirk-Christy Co. v. American Association, 108 S. W. 232, 32 Ky. Law Rep. 1177, 128 Ky. 668.

Judgment affirmed.