WESTERN UNION TEL. Co. and others *v.* BALTIMORE & O. TEL. Co.

*(Circuit Court, D. Indiana.   1885.)*

TELEGRAPH COMPANIES—EXCLUSIVE PRIVILEGES—PUBLIC POLICY.
   A contract granting any person or company the exclusive privilege to do telegraphing upon or along any railroad is contrary to public policy, and void. This doctrine applied to Belt Railroad & Stock-yards at Indianapolis.

Application for Temporary Restraining Order.
*McDonald, Butler & Mason,* for complainants.
*Harrison, Miller & Elam,* for defendants.

WOODS, J.   Upon the facts, as deduced from bill and answer, it seems to me that the contract between the plaintiffs, in so far as it stipulates for an exclusive right on the part of the Western Union to do telegraphing business at and from the stock-yards, and especially in and from "the principal office" of the Union Railroad Transfer & Stock-yard Company, is illegal as being against public policy. To say that the cases in which this doctrine has been enunciated do not apply, or that the doctrine itself does not apply, to a contract for an exclusive right in respect to a particular building, such as the one in question is shown to be, would, as it seems to me, be unreasonable.   Of the particular rooms, or parts of the building, leased to it, the Western Union Telegraph Company is, of course, entitled to the exclusive occupation and use; but, in respect to other parts, or rooms, of which it acquired and attempted to acquire no use or right of possession, the effort to restrict or limit the uses to which they should be put by others in competition with that company is clearly obnoxious to the doctrine, now well established, that an exclusive privilege to do telegraphing upon or along any railroad cannot be given to any person or company.   *W. U. Tel. Co.* v. *Amer. W. Tel. Co.* 9 Biss. 72; *W. U. Tel. Co.* v. *Burlington & S. W. Ry. Co.* 3 McCrary, 130; S. C. 11 FED. REP. 1; *W. U. Tel. Co.* v. *Baltimore & O. Tel. Co.* 19 FED. REP. 660; *Pensacola Tel. Co.* v. *W. U. Tel. Co.* 96 U. S. 1; *W. U. Tel. Co.* v. *Amer. U. Tel. Co.* 65 Ga. 160; S. C. 38 Amer. Rep. 781; Rev. St. § 3964.

If, therefore, there is any ground upon which the injunction prayed for can issue, it must be because the defendant has, without right previously acquired, entered upon the right of way and lands of the defendant, the Union Railway, Transfer, etc., Co., and erected its poles thereon.   But of this wrong, if it be a wrong, for which an injunction might issue, the Western Union Telegraph Company, for the reason already stated, either by itself or jointly with its co-plaintiff, has no right to complain; and in respect to its co-plaintiff the answer shows that its name as plaintiff has been used by the telegraph company under and by virtue of the provision to that effect in the contract between the two companies, and that otherwise the suit is not prosecuted

at the instance or for the benefit of the Belt Railroad & Stock-yard Company, but solely at the instance and for the benefit of the Western Union Telegraph Company. Even if, therefore, the Belt Railroad & Stock-yard Company, in a suit in its own name and for its own benefit, might enjoin such use of its land by the defendant until the right should be condemned and paid for, in accordance with the constitution of the state, the relief ought not to be granted in this action.

*Quære*, whether or not, as against the Belt Road & Stock-yard Company, the Baltimore & Ohio Railroad Company, under its lease, has not the implied right to carry a telegraph wire or wires into its office, in the building in question, for purposes incident to its own business; and if so, to erect on the lands and right of way of that company the necessary poles. If it had these rights, as I am inclined to believe it had, it could employ (as in fact it did employ) the defendant telegraph company to do the work for it, and this would be a complete defense to the action as predicated upon the constitutional provision against the appropriation of property without compensation first duly assessed and paid, and leave the case to stand wholly upon the contract for an exclusive privilege, which, as we have seen, cannot be permitted.

The application for a temporary restraining order is therefore overruled.