CASE 59—APPEAL—JUNE 16.

# Asher v. L. & N. R. R. Co.

APPEAL FROM BELL CIRCUIT COURT.

87  391
91  492

87  391
94  235

87  391
e114 354

87  391
120  571

87  391
136  736

1. EMINENT DOMAIN—COMPENSATION.—The Constitution requires that in the taking of private property for public use, just compensation must be previously made the owner, by the payment in money of the value of his property, before the writ of possession can be issued. Therefore, as much of the act providing the mode of condemning private property for railroad purposes as authorizes the company to enter into possession upon the execution of a bond of indemnity is unconstitutional.

2. SAME—MEASURE OF DAMAGES.—In arriving at the just compensation which the Constitution requires shall be made to the owner before entry, the value of the land taken for actual use is to be considered in its relation to the entire tract, and must include the actual injury to the improvements and every direct damage tending to diminish in value the entire tract by reason of the use and appropriation of the land taken, all of which enters into the estimate of compensation, and must be paid for before entry. And from this amount nothing can be deducted by reason of the benefits and advantages that may reasonably be anticipated from the construction and operation of the road.

   Under the act of April, 1882, it is only the ordinary inconvenience and damage that results from a prudent operation of the road against which such benefits and advantages may be set off, for if the "incidental damages" from which the act provides such benefits and advantages may be deducted includes any thing more, the act is to that extent unconstitutional.

3. SAME—VERDICT.—In this case the jury, under instructions, fixed the value of the land taken at six hundred dollars, and the damages to

the adjacent land, including dwelling-house, barn, orchard, etc., at two thousand five hundred and forty-three dollars and eighty-five cents. *Held*—That the instructions and verdict show that the last named sum must have been for the diminished value of the property from the injury that would result to the dwelling, etc., from the construction of the road. Therefore, the company can not be allowed to take possession upon the payment of the six hundred dollars alone.

THOMAS H. HINES AND W. M. BECKNER FOR APPELLANT.

1. The provisions of the statute that a railroad company may, on an appeal from the judgment of a county court condemning land, execute bond and take possession of the property sought to be condemned, is unconstitutional. (Constitution of Ky., art. 13, chap. 3, sec. 14; Gen. Stats., chap. 18*b*, sec. 7, p. 283; Covington S. R. T, Ry. Co. v. Piel, MS. Op., May 24, 1888, Law Rep., vol. 8, p. 449.)

2. The expression used in the Constitution, "compensation previously made," means an actual payment made antecedent to taking possession under the proceedings for condemnation. (Covington S. R. T. Ry. Co. v. Piel, Ky. Law Rep., vol. 8, p. 449; Sanborn v. Belden, 51 Cal., 266.)

WM. LINDSAY, JNO. H. WILSON AND D. K. RAWLINGS FOR APPELLEE.

The compensation referred to in the Constitution is for land actually taken, and does not embrace consequential damages to contiguous property. (E. & P. R. R. Co. v. Helm's Heirs, 8 Bush, 682; N. & H. R. R. Co. v. Dickerson, 17 B. M., 1373; Sutton's Heirs v. Louisville, 5 Dana, 28; Piel's Case, MS. Op., May 24, 1888.)

CHIEF JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

The appellee, The Louisville and Nashville Railroad Company, in the construction of the Cumberland and Valley Branch of its road, in the county of Bell, found it necessary to condemn a strip of the appellant's land for that purpose. The questions presented here arise out of the proceeding to condemn under the act of April 11, 1882. The award of the commissioners not being satisfactory to the parties, exceptions were filed in the county court and a jury empaneled to fix the value of the land taken, and assess the

damages, and from the verdict of the jury an appeal was prosecuted to the circuit court by the railroad company, that is now pending and undetermined. When the appeal was taken the company executed its bond, that was approved by the county court, in double the amount of the damages assessed, in order to the right of entry for the purposes of construction, and obtained in the circuit court its writ of possession. From the judgment awarding the writ, the appellant, Asher (the owner of the land), has appealed, insisting that he is entitled to his compensation, by the payment in money of the damages awarded, before he can be deprived of his land.

This court, in the case of The Covington Short Route Transfer Co. v. Piel, decided at the present term (*ante*, page 146), held that section 14 of article 13 of the Bill of Rights, required that, in the taking of private property for public use, just compensation must be previously made the owner by the payment in money of the value of his property before the writ of possession can issue; and it follows, therefore, that this judgment must be reversed, with directions to set aside the order granting the writ.

Other questions have been made in the case as to the constitutional rights of the owner, as well as the rights of the corporation on the return of the case. The land condemned is a part of a small tract on which stands the dwelling of the appellant, his out-houses and other improvements, with the line of the road running in close proximity to his dwelling. The act of April, 1882, makes it the duty of the commissioners to award to the owner the value of the land

or material taken, separately from the damages, if
any, resulting to the adjacent lands of the owner,
"but shall deduct from such incidental damages the
value, if any, of the advantages and benefits that
will accrue to such adjacent lands from the construc-
tion and prudent operation of the railroad proposed
to be constructed." (General Statutes, edition 1887,
page 282.) On the trial of the case the court told the
jury that, in estimating the damages, they should
take into consideration the location of the defend-
ant's dwelling-house, orchards, barns, well, etc., and the
damage to the same resulting from the construction
of appellee's road; and in another instruction told
the jury that the. benefits and advantages, if any, to
the adjacent land by the construction of the road,
should be deducted from such damages.

The jury, under these instructions, fixed the value of
the land taken at six hundred dollars, and the damages
to the adjacent land, including dwelling-house, barn,
orchard, etc., at two thousand five hundred and forty-
three dollars and seventy-five cents. They also said
that the owner would receive no advantage or benefits
from the operation of appellee's road. The corpora-
tion asks that, on the return of the case, it be allowed
to pay the six hundred dollars, the value of the land
condemned, and enter into the possession, insisting
that this court must assume that the two thousand
five hundred and forty-three dollars and seventy-five
cents was for the incidental damages sustained. The
instructions given by the court below, as well as the
verdict rendered, show that such damages must have
been for the diminished value of the property from

the injury that would result to the dwelling, barn, orchard, etc., from the construction of the road, and, therefore, should have entered into and formed a part of the just compensation to which the appellant was entitled for the taking. It was error to tell the jury that the damage to the dwelling, barn, etc., should be lessened by reason of the benefits, if any, received by the owner from the construction of the road; and if the incidental damages mentioned in the statute is made up of the diminution in value of the adjacent land in the same tract, or the injury to the dwellings thereon, it must be held to be in violation of the constitutional rights of the appellant. The benefits received by the owner can in no instance reduce the value of the land or material taken, or lessen the actual and direct damage resulting from the act by which the owner is deprived of his property and the title vested in the corporation.

It is manifest in this case that the jury by their verdict gave to the appellant what they conceived to be the value of the property actually taken, and regarded the damage to the dwelling, barn, etc., as merely incidental, when it was, in fact, a part of the compensation to which appellant was entitled, and subject to no set-off whatever in the way of benefits, and, therefore, this court can not authorize an entry by the corporation upon the payment of the six hundred dollars.

The doctrine with reference to the right of entry, and particularly the question of compensation, differ widely in many of the States from the decisions of this court. We have been unable to find a more just criterion for

compensation than is in the case of the Elizabethtown
and Paducah Railroad Company v. Helm's Heirs, 8
Bush, 681.

It is impossible to define every character of damage
that is direct, and that naturally results from the act
of appropriation, and still the more difficult·to define
the meaning of the words *incidental damage* as used
in the statute.    The rule in the case cited is: To
ascertain in a case like this, a part of the land being
taken, first, "the value of the entire tract of land, ex-
cluding the enhancement resulting from the improve-
ment, then what will be its value after the appropria-
tion of such part of it as may be proposed to be taken.
The difference in value thus found (still excluding this
enhancement) is the true compensation to which the
owner is entitled."    How much less is the land worth
after the taking than before the taking?    This consti-
tutes the true estimate.    The value is not reached by
determining the value of the strip taken for actual
use, but its value when considered in its relation to
the entire tract, which includes the actual injury to
the dwellings and improvements, and every direct dam-
age tending to diminish in value the entire tract by
reason of the use and appropriation of the strip for the
purpose contemplated; all of which enters into the
estimate of compensation, and must be paid for before
entry.    The diminution in value of the entire tract is
as much a taking within the meaning of the Constitu-
tion as the land upon which the road-bed lies.    The
owner must be placed in the same condition, in a pecu-
niary point of view, that he would be if the land was
not condemned.    When the owner is thus compen-

sated for his property, the corporation becomes invested with title to the actual boundary of that part of the land condemned, and the ordinary inconvenience and damage that results from a prudent operation of the road may be set off by the benefits and advantages, if any, that may reasonably be anticipated from the construction and operation of the improvement. Such is the language used by this court in the case of Helms' heirs, and no such meaning can be attached to that decision as gives to the corporation the right to set off the value of benefits to the owner, against the diminished value of the adjacent land forming a part of the same tract, caused by the construction of the road.

Judgment reversed, and remanded for proceedings consistent with this opinion.