CASE 35—APPEAL TO CIRCUIT COURT—APRIL 4.

# West Virginia, &c., Railroad Company v. Gibson, &c.

APPEAL FROM BELL COURT OF COMMON PLEAS.

1. IN CONDEMNING LAND FOR RAILROAD PURPOSES the diminution in value of the whole tract by reason of the appropriation of the land actually taken is to be estimated as a part of the compensation to which the owner is entitled. And from this amount nothing can be deducted by reason of the benefits and advantages that may reasonably be anticipated from the construction and operation of the road.

2. IN ESTIMATING THE VALUE OF PROPERTY TAKEN FOR PUBLIC USE, the owner is entitled to the reasonable market value of the property, which value must be ascertained, not by the use to which the property has been actually applied, but with reference to its availabilit, and adaptability for valuable uses, having regard to the existing business or wants of the community, or such as may be reasonably expected in the immediate future. The issue is not what the land is worth to the corporation seeking to appropriate it, nor the expense that it would be compelled to incur in obtaining other property, or in fitting it for its business if it should fail to get the property sought to be condemned.

J. R. SAMPSON FOR APPELLANT.

The measure of recovery is the market value of the land at the time it was taken without reference to uses to which it might be put in future, and without reference to its peculiar value for railroad purposes. (Henderson, &c, R. Co. v. Dickerson, 17 B. M., 178; Elizabethtown, &c., R. Co v. Helm, 8 Bush, 684; Robb v. Mt Sterling Turnpike Co., 3 Met., 117, Lewis on Eminent Domain, sec. 478 and notes.)

WM. LINDSAY, M. J. MOSS, UNTHANK & RILEY, D. G. COLSON AND FITZPATRICK OF COUNSEL ON SAME SIDE

West Virginia, &c., Railroad Company v. Gibson, &c.

WM. LOW and C. W. METCALFE for appellees.

1. It was proper to consider the value of the land not only with ref.rence to the uses to which it had been applied, but with reference to the uses to which it was peculiarly suitable, having regard to the existing business and wants of the community, or to such as might be reasonably expected in the immediate future. (Wood on Railway Law, vol. 2, p. 926; 7 Lawson's Rights and Remedies, p. 6136; Beach on Law of Railways, vol. 2, sec. 815; 6 Am. and Eng. Enc. of Law, p. 569.)

2. It was competent for appellee to prove that the land was peculiarly valuable for railroad purposes. (Mississippi, &c., Boom Co. v. Patterson, 98 U. S., 403; L. R. Junction R. Co. v. Woodruff, 49 Ark., 391; Chicago, &c. v. Jacob, 110 Ill., 414; Gardner v. Brookline, 127 Mass., 358; Trustees of Coll. Point v. Demmet, 5 N. Y., Sup. Court, 217; Young v. Harrison, 17 Ga., 30; Russell v. St. Paul, &c., R. Co., 33 Minn., 210; Dowd v. Mason City, &c., R. Co., 76 Iowa, 438; Montana R'y v. Warren, 12 Pac. Rep., 642.)

CHIEF JUSTICE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellant sought by this action to condemn a strip of land along the bank of the Cumberland river, and near the town of Pineville, Ky., and immediately at the foot of the mountain, for its railroad track. The trial, on appeal to the circuit court, resulted in a verdict and judgment estimating the value of about five and one-half acres of land condemned, at over twelve thousand dollars. The appellant has appealed.

The rule, according to the cases of Asher v. L. & N. R. Co., 87 Ky., 391, and L. & N. R. Co. v. Ingram, MS. opinion, October 14, 1890 (12 Ky. Law Rep., 456), is: That just compensation must be first made to the owner of property when it is taken for public use, which must be done, in case of condemnation for railroad purposes, by ascertaining the value of the entire tract, excluding all consideration of the question of enhancement of the value of the land resulting from the proposed improvement; then what will be the

value after deducting such part of it as may be taken ? The difference in value thus found, still including the enhancement, is the true compensation to which the owner is entitled. How much less is the land worth after the taking than before the taking, excluding, always, the question of enhancement of value by reason of the improvement? The value is not reached by determining the value of the land taken for actual use, but its value when considered in its relation to the entire tract, which includes every direct damage or injury tending to diminish in value the entire tract by reason of the use and appropriation of the strip for the contemplated purpose. The diminution in value of the entire tract is a condemnation for public use, which should be paid for the same as the strip that is condemned for the road-bed. It is this condemnation that the owner is entitled to pay for, &c.

The court allowed the appellee to prove what was the market value of this strip of land, taking into consideration its close proximity to the town of Pineville, and its adaptability for town lots and building residences thereon, and for railroad tracks and other railroad purposes. The question is, was such evidence competent ?

The rule seems to be that in estimating the value of property taken for public use the owner is entitled to the reasonable market value of the property, which value must be ascertained, not by what use the property has been actually applied, but with reference to its availability and adaptability for valuable uses, having regard to the existing business or wants of the

community, or such as may be reasonably expected in the immediate future. The proper inquiry in such case is, what is its value in view of any use to which it may be applied, and to all the uses to which it is adapted. (See Mississippi, &c., Boom Company v. Patterson, 98 U. S., 403; Lewis on Eminent Domain, section 479.) The issue in such case is not what the land is worth to the appellant, or how profitably it may use it in its business; nor the costs and expense that it would be compelled to incur in obtaining other property, or in fitting it for its business, if it failed to obtain that particular property. (See Lewis on Eminent Domain, sec. 479, and authorities there cited.) The law should be given to the jury without including the evidential matters indicated; they are evidence only. But in such cases the jury should be admonished not to let those matters indicated as not evidence, influence them.

The judgment is reversed, &c.