# Weiss, et al. v. Commissioners of Sewerage of Louisville.

(Decided March 4, 1913.)

## Appeal from Jefferson Circuit Court (Chancery Branch, Third Division).

1. Municipal Corporations—Ordinances—Judicial Notice of—Judicial notice must be taken of the ordinances of cities of the first class.

2. Municipal Corporations—Opening of Public Way—Presumption—Burden of Proof.—When the municipal authorities of a city declare in a regular way that it is necessary that a public way be opened, the presumption will be indulged that this is for the benefit of the public, and the burden of proof in the action to condemn the property, is upon the property holder.

3. Municipal Corporations—Action to Acquire Right of Way—Measure of Recovery.—In such an action the measure of recovery is not what the property is worth to the defendant, or how much his business will be injured by the taking of the property; the measure of recovery is the fair market value of the thing taken, considered with reference to the remainder of the property, and the purposes for which it may be used.

4. Municipal Corporations—Opening of Public Way—Condemnation Proceedings—Pleading.—In such a proceeding, the petition should accurately define the property sought to be condemned, but where it fails to do this, and the property to be condemned is accurately defined by the proof introduced on the trial without objection, and is so defined in the judgment of the court, the error is harmless, the defendant's substantial rights not being prejudiced.

JOHNSON & HIEATT and J. J. HANCOCK for appellants.

JOHN MARSHALL, WILLIAM W. CRAWFORD and LEON P. LEWIS, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Affirming.

Daniel Weiss and wife own property in Louisville lying on the east side of Beargrass Creek, fronting on Hamilton Avenue, and running back to the creek. The Commissioners of Sewerage of Louisville as a part of a comprehensive sewerage system which it was engaged in constructing for the city determined to make a storm drain through a part of Beargrass Creek; and for the proper construction and improvement of Beargrass Creek as such storm drain, it determined that it was necessary for it to acquire a right of way through the

Weiss property, sufficient in width to allow the construction of an improved channel, the easterly line of which being the face of the channel wall, should be on a certain line. Being unable to agree with the owners of the property as to the damages it brought this suit to condemn the necessary strip. On the hearing of the case before a jury in the Jefferson circuit court there was a verdict fixing the damages at $500. The court entered judgment upon the verdict adjudging to the Commissioners of Sewerage of the city of Louisville a perpetual easement for the purpose of constructing and maintaining an improved channel for Beargrass Creek for the strip of land between the westerly face of the channel wall, and the center of Beargrass creek. It also adjudged that the base of the wall extend about 9 feet eastwardly that the Hamilton Avenue from the face of the wall as above described; that the plaintiff have the occupancy of so much of the Weiss property in the rear of the buildings upon the land as might be necessary for the construction of the improvement. From this judgment, Weiss and wife appeal.

The circuit court after the issue was made up ruled that the burden of proof in the action was upon the defendants; and of this they complain.

Under section 2775, Ky. St., the courts of the state must take judicial notice of the ordinances of the city of Louisville. The rule is that when the municipal authorities of a city declare in the regular way that it is necessary that certain public ways shall be opened, the presumption will be indulged that it is in the interest and for the benefit of the public. (L. & N. R. R. Co. v. City of Louisville, 131 Ky., 108, Henderson v. Lexington, 132 Ky., 390.) While the Commissioners of Sewerage are incorporated by the statute, it is but an arm of the city government, and acts with the approval of the general council, or in certain contingencies with the approval of the Mayor. We therefore conclude that the circuit court did not err in ruling that the burden of proof was upon the defendants.

The defendants introduced evidence on the trial showing that Weiss was conducting a chair factory on the property, and that the strip proposed to be taken was much needed by him in his business. They also offered proof that Weiss had recently bought out another chair concern, and that he would especially need this ground in view of the proposed extension of his business. The

circuit court refused to admit this evidence. This was proper. The measure of damages in such cases is the fair market value of the property taken, considered with reference to the remaining property. In West Virginia R. R. Co. v. Gibson, 94 Ky., 236, the court said on this subject:

"The rule seems to be that in estimating the value of property taken for public use the owner is entitled to the reasonable market value of the property, which value must be ascertained, not by what use the property has been actually applied, but with reference to its availability and adaptability for valuable uses, having regard to the existing business or wants of the community, or such as may be reasonably expected in the immediate future. The proper inquiry in such case is, what is its value in view of any use to which it may be applied, and to all the uses to which it is adapted. (See Mississippi, etc., Boom Co. v. Patterson, 98 U. S., 403, Lewis on Eminent Domain, section 479.) The issue in such case is not what the land is worth to the appellant, or how profitably it may use it in its business; nor the costs and expense that it would be compelled to incur in obtaining other property, or in fitting it for its business, if it failed to obtain that particular property."

We have steadily adhered to the rule laid down in this case and refused to allow as an element of damage the peculiar value of the land either to the owner or the corporation seeking to condemn. (Madison, etc. R. R. Co. v. Ross, 126 Ky., 143; Calor Oil and Gas Co. v. Franzell, 128 Ky., 732.) We cannot now depart from the rule which has been so often laid down. It is true there are authorities holding otherwise, but it seems to us that to so hold introduces into the inquiry speculative and sentimental elements which have no place there.

It is complained that the verdict is not sustained by the evidence, but in view of all the facts and circumstances we cannot see that the verdict is against the evidence. In fact a smaller verdict might well have been rendered under the evidence. The jury looked at the premises, and their judgment, after an inspection of the premises, is entitled to no little weight.

Lastly it is insisted that the judgment goes outside of the pleading, and allows that to be condemned which the pleading did not seek to condemn. The petition sought to condemn so much of the Weiss property as might be necessary for the construction of the improved channel,

the easterly wall of which was to be on a certain line. On the trial proof was heard without objection as to how far the wall would extend over the line. The proof showed without contradiction that the wall would be twelve inches thick with a base of nine feet on the east side extending out over on the Weiss property. The wall would be twenty-four feet high, and the nine-feet base would be below the cellar line if the property was ever used for building purposes. There was no objection to this evidence on the trial, and both sides went into the facts. There was no dispute as to the facts, and no difference between the parties as to what would be needed. The jury clearly understood what was condemned; for there was no confusion on the subject. Regularly the petition should have set out exactly what was proposed to be taken, and the judgment should strictly have followed the petition. In these proceedings the defendant should be informed by the petition precisely what is to be taken from him, and if a part of it is to be taken for temporary purposes, this part should be separately described, and the length of time for which it is to be taken. The petition did not come up to the rule we have indicated. It was indefinite. It gave the line of the eastern edge of the wall that was to be constructed, but did not disclose how wide the wall was to be, or what base it was to have, or that any ground beyond the wall would be used. The pleadings seem to have been drawn on the idea that the proof would disclose on the trial what was necessary, and that this would be sufficient as Weiss could use all the property within this line after the wall was built. There was no motion to make the petition more specific. The evidence was heard without objection, and the whole matter was before the jury and passed on by it. Section 134 of the Code provides:

"The court must, in every stage of an action, disregard any error or defect in the proceedings, which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect."

Upon the whole record we conclude that no substantial right of the appellants was prejudiced, and that under this provision of the Code, the judgment should not be reversed for the error in the proceedings.

Judgment affirmed.