## David, et al. v. Louisville & Interurban Railroad Company.

(Decided May 6, 1914.)

### Appeal from Jefferson Circuit Court (Common pleas, Fourth Division).

1. Eminent Domain—Measure of Damages—Instruction.—In estimating the value of property taken for public use it is the market value of the property which is to be considered, and the market value of the property is the price which it will bring when it is offered for sale by one who desires, but it is not obliged to sell it, and is bought by one who is under no necessity of having it.

2. Eminent Domain—Measure of Damages—Particular Adaptability of Property—Instruction.—While in determining the value of property in a condemnation proceeding, evidence may be admitted with reference not only to the present uses of the property, but as to its adaptability for other uses to which it may be put in the immediate future, yet it is not proper to instruct the jury on the necessity of considering such evidence in estimating the value of the property condemned.

3. Eminent Domain—Market Value of Property—When Determined. —In a condemnation proceeding, where an appeal is prosecuted to the circuit court, evidence of the value of the property condemned should be confined to its value at the time of the trial.

4. Eminent Domain—Value of Property—Evidence of Sale Prices of Surrounding Property.—In a condemnation proceeding the sale prices of surrounding property similar in character and location are admissible as evidence of the market value of the property sought to be condemned, yet where the question propounded a

witness fixes neither the time of his purchase nor of the sale, and the record contains no avowal as to the cost or sale price of the property, it is not error to refuse to permit the witness to answer.

5. Eminent Domain—Value of Property—Evidence.—In a condemnation proceeding, evidence examined, and held that the finding of the jury that the property was worth $4,500 was not flagrantly against the evidence.

BENJAMIN F. WASHER and JOSEPH M. HUFFAKER for appellant.

CLARENCE DALLAM for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

The Louisville & Interurban Railroad Company instituted this proceeding against Carrie M. David and her children to condemn a lot of ground 35 feet wide by 139 feet deep, lying on the north side of Linden Street, between Brook and Floyd Streets, in the City of Louisville. The commissioners appointed by the court fixed the value of the lot and improvements at $4,500. Both sides excepted, and a jury in the county court fixed the value of the property at $6,335. Both sides appealed to the circuit court, where a jury fixed the value of the property taken at $4,500. On that verdict a judgment was rendered condemning the property for the railroad's uses. Thereupon the railroad tendered to the owners the sum of $4,500. The tender being refused, the railroad paid that sum in the Jefferson Circuit Court, and took possession of the property. The owners of the property appeal.

(1). It is first insisted that the court erred in its instruction on the measure of damages. The instruction complained of is as follows:

"The court instructs the jury that they will find for the defendants the fair market value of the land and improvements herein sought to be condemned, and in estimating said market value of said land and improvements the jury will assess what said land and improvements would bring in the hands of a prudent seller at liberty to fix the time and condition of the sale when offered by one for sale who desires to sell but who is not obliged to, and when bought by one who is under no necessity of having same."

In discussing the measure of damages in a case like this, the court, in Calor Oil & Gas Co. v. Franzell, 128 Ky., 734, used the following language:

"We think the court should have told the jury substantially that the measure of damages for the taking of the strip of land in question was its fair market value; being that sum which the owner who desired to sell, but was not compelled so to do, would take for it in its present condition, and what a purchaser who desired to buy, but was not compelled to have it, would give for it under the circumstances."

The point is made that the instruction does not comply with the above rule, in that it omits one of the most essential elements; i. e., the desire of the purchaser to buy, thus giving to the counsel for the railroad company free rein to make an argument to the jury based on what the property was worth when purchased by one who did not need it. In the case of Madisonville, &c., R. Co. v. Ross, 126 Ky., 138, the court quoted with approval the following from Lewis on Eminent Domain, Sec. 478:

"In estimating the value of property taken for public use it is the market value of the property which is to be considered. The market value of property is the price which it will bring when it is offered for sale by one who desires, but is not obliged to sell it, and is bought by one who is under no necessity of having it."

It will be observed that that part of the instruction complained of is in the precise words of the foregoing section from Lewis on Eminent Domain. While it is perhaps better to use concerning the purchaser the words "who desires to buy," yet the difference between such an instruction and that given is more technical than substantial. One does not ordinarily buy property unless he wants it, and the words in an instruction "when bought by one" carry with them the idea of the desire to buy. As the instruction is in the language heretofore approved by this court, and is in effect substantially the same as that employed in the instruction directed to be given in Calor Oil & Gas Co. v. Franzell, *supra,* it follows that the court did not err in using the language complained of.

(2). A reversal is asked because of the trial court's refusal to give the following instruction:

"The court instructs the jury that they will by their verdict award to the defendants who now hold title to the property which the Louisville & Interurban Railroad

Company now seeks to condemn, such an amount as will fairly and properly compensate them for the market value of their real estate, and the improvements existing thereon. In other words, the jury will determine what the property is worth on the market, and in fixing the amount they should consider the real estate, not merely with reference to the uses to which it is at this time applied, but with reference to the uses to which it may be plainly adapted; that is to say, what is it worth from its being available for valuable uses. Further, the jury should consider in fixing the market value of the property, the uses for which the property is suitable, having regard to the existing business or wants of the community, and such as may be reasonably expected in the immediate future.''

It appears from the evidence that the property in question was long a part of the ''tenderloin'' district of Louisville. At the time of the condemnation proceedings, the improvements consisted of two tenement houses, occupied by colored people. Within recent years quite a number of factories and storage plants have been established in the vicinity. The property in question had thus become available for such special uses as warehouses, cold storage, produce, groceries, factories, etc. It is therefore argued that the offered instruction was peculiarly applicable under the facts of this case. In support of this contention we are cited to the case of Mississippi & Rum River Boom Co. v. Patterson, 98 U. S., 403, and to the opinions in the case of Chicago, St. Louis & New Orleans R. R. Co. v. Rottgering, 26 Ky. L. R., 1167 and West Virginia, &c., R. Co. v. Gibson, 94 Ky., 234. Even if it were the rule in this State to instruct the jury that in estimating the market value of the property condemned they should take into consideration the uses for which the property was suitable, having regard to the existing business or wants of the community, or such as might be reasonably expected in the immediate future, it may be doubted if the property in question possesses such peculiar adaptability for a particular purpose as to justify the giving of such an instruction under the facts of this case  However that may be, it is sufficient to say that although we have recognized the propriety of admitting evidence with reference not only to the present uses of the property, but as to its adaptability for other uses to which it may be put in the immediate future, as will be seen by an examination of the cases of

Chicago, &c., R. Co. v. Rottgering, *supra*, and West Virginia, &c., R. Co. v. Gibson, *supra*, we have never held it proper to instruct the jury on the necessity of considering such evidence in estimating the value of the property condemned. On the contrary, we have repeatedly held that an instruction on the measure of damages similar to the one given in this case, and no other, should be given. In other words, the law should be given to the jury without including the evidential matter referred to in the offered instruction. West Virginia, &c., R. Co. v. Gibson, *supra;* Calor Oil & Gas Co. v. Franzell, *supra;* Madisonvill, &c., R. Co. v. Ross, *supra;* Weiss, et ux. v. Commissioners of Sewerage of Louisville, 152 Ky., 552. In this case evidence of the availability of the condemned property for other uses in the immediate future was heard and considered by the jury. The court, therefore, did not err in refusing the offered instruction.

(3) This proceeding was begun in the county court during the month of September, 1912. The trial in the circuit court took place on May 31, 1913, or about nine months after the report of the commissioners and the verdict in the county court. In the meantime the tenants of the property had vacated the premises, and one of the buildings had been damaged by the fall of the wall of the adjoining property. Evidence of the market value of the property was confined to its value at the time of the trial in the circuit court. This, it is claimed, was error. In this connection our attention is called to the case of South Park Commissioners v. Dunlevy, 91 Ill., 49, and to Burt v. Mass. Ins. Co., 115 Mass., 14, where it is held that the land must be estimated according to its value at the time of the filing of the petition. Such is not, however, the rule in this State. Under our statute the company authorized to condemn begins its proceedings in the county court. Commissioners are appointed to assess the damages. On the filing of their report either party may except. When exceptions are filed a jury is empaneled to try the issues of fact made by the exceptions. If sufficient cause be not shown for setting aside the verdict the court renders judgment. Kentucky Statutes, sections 835, 835a, 836, 837, 838 and 839. Section 839 further provides:

"Either party may appeal to the circuit court, by executing bond as required in other cases, within thirty days, and the appeal shall be tried *de novo*, upon the con-

firmation of the report of the commissioners by the county court, or the assessment of damages by said court, as herein provided, and the payment to the owners of the amount due, as shown by the report of the commissioners when confirmed, or as shown by the judgment of the county court when the damages are assessed by said court, and all cost adjudged to the owner, the railroad company shall be entitled to take possession of said land and material, and to use and control the same for the purpose for which it was condemned as fully as if the title had been conveyed to it. But when an appeal shall be taken from the judgment of the county court by the company, it shall not be entitled to take possession of the land or material condemned until it shall have paid into court the damages assessed and all costs. All money paid into court under the provisions of this law shall be received by the clerk of the court and held subject to the order of the court, for which he and his sureties on his official bond shall be responsible to the persons entitled thereto."

It will be observed that section 839 provides for a trial "*de novo*, upon the confirmation of the report of the commissioner by the county court, or the assessment of damages by said court." In other words, the confirmation of the report of the commissioners is not the sole question to be tried on the appeal to the circuit court, but the whole question of the assessment of damages may be gone into by that court. Until the damages are paid the owner, or paid into court, the company condemning is not entitled to take possession. The value of the property at the time it is taken, which is the same as at the time of the trial, where an appeal is prosecuted to the circuit court, therefore, controls, and evidence of the value of the property condemned should be confined to its value at the time of the trial, which immediately precedes its taking. Arnold, &c. v. Covington, &c., Co., 1 Duv., 377; L. & N. R. R. Co. v. Asher, 10 Ky. L. R., 1021.

Another error relied on is the refusal of the trial court to permit Dr. W. T. Hays, who had formerly owned 82 feet of ground on Green street, directly back of the property in question, to state what he gave for that property, and what he sold it for. It may be conceded that the sale prices of surrounding property similar in character and location are admissible as evdence of the market value of the property in question. Paducah v.

Allen, 111 Ky., 371. Here, however, the question propounded the witness fixed neither the time of his purchase nor the sale. Nor does the record contain any avowal as to the cost or sale of the property. Under these circumstances, we cannot say that the refusal of the trial court to permit the witness to answer was prejudicial error.

The witnesses who testified as to the market value of the property in question fixed its value at prices ranging from $3,000 to $9,500. A number of witnesses testified for each side. The jury fixed the value of the property at $4,500, which is the same valuation put upon it by the three commissioners appointed by the Jefferson County Court. Under these circumstances, it cannot be said that the finding of the jury is flagrantly against the evidence.

Judgment affirmed.