### Royal Adjustment Company, et al. v. Union National Bank.

(Decided February 10, 1922.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, First Division).

1. Trial—Instructions.—The court did not err in refusing to give an offered instruction concretely presenting defendant's affirmative,

defenses where the instructions given presented such defenses as clearly and more favorably than the offered instructions.

2. Contracts—Evidence.—Evidence of the execution of other contracts than the one sued on during the negotiations leading up to and following its execution held competent to show for whom the person was acting who conducted the negotiations for and executed the several contracts with different parties where it was shown that all of such transactions were inseparably connected with and but different parts of one entire transaction conducted by such party at the instance of and for the benefit of defendants.

ARTHUR B. BENSINGER, W. O. HARRIS, JR., and J. VERSER CONNER for appellants.

MATT O'DOHERTY and VANCE & DUFFIN for appellee.

Opinion of the Court by Judge Clarke—Affirming.

By this action the plaintiff, now appellee, recovered the sum of $2,275.00, alleged to be due upon a contract of defendants, the Royal Adjustment Company, a corporation, B. W. Willett, and the individual members of the firms of Strouse & Bros. and the Hays-Levi Company, all of whom are non-residents.

All of the defendants appeared and denied the execution of the alleged contract, and the defendant, Royal Adjustment Company, in addition averred that a similar contract was made by it with plaintiff, but only upon the condition that a composition with all the creditors could be effected upon a basis of twenty-five cents on the dollar; that this condition rendered the contract illegal and void. because plaintiff and two other creditors by the terms of the agreement sued upon were to receive sixty-six and two-thirds per cent of their claims, and that, besides, the condition was never performed. The affirmative pleas of this defendant were traversed of record.

The plaintiff proved by four witnesses that Willett, admittedly acting for himself and the Royal Adjustment Company, of which he was the president, unconditionally purchased plaintiff's claim against the Johnson-Striegel Company at the time and upon the terms set out in the petition.

This was denied by Willett, who testified the offer as made and accepted was conditioned upon a composition with all of the creditors, which all the parties agree was never effected.

The issue between the plaintiff and these two defendants was therefore clear and simple and was just as

clearly and simply submitted to the jury by instructions which authorized the jury to find for the plaintiff only if they believed from the evidence that there was an unconditional sale to Willett, acting either for himself and the Adjustment Company, or all of the defendants, and directing them to find for all of the defendants if they believed the alleged sale was upon condition that a composition would be effected with all of the creditors upon a bisis of twenty-five per cent or otherwise. Hence there is no merit in the contention that the court erred in refusing an offered instruction concretely presenting the affirmative defenses which only the Adjustment Company pleaded, because these defenses were as clearly and more favorably presented by the instructions given than by the offered instruction.

It is also insisted for all of the defendants that the court erred in refusing to exclude the statement of D. A. Sachs, Jr., that Willett told him he was the agent for all of the defendants. If such a statement had been admitted over objections it clearly would have been error, but we do not find that any such statement was so admitted. What Sachs did state, and it was clearly proven that he was representing all of the defendants as attorney in the bankruptcy proceedings against the Johnson-Striegel Company, was that Willett represented himself as Levi's representative, "and he represented both claims, Hays-Levi and Strouse & Bros. and the Royal Adjustment Company." And not only was there no objection to this positive evidence by one presumably in a position to know of Willett's agency for all the defendants, but it was brought out by counsel for defendants in the cross-examination of Sachs, who was a witness for plaintiff. Hence there is no merit in this contention, or in the further contention that there was no evidence whatever connecting either Hays-Levi Company or Strouse & Bros. with the transaction.

In addition to this positive evidence of Willett's authority to act for all of the defendants and that he was so acting, it is shown by the evidence of defendant's witnesses, Willett and Sidney Levi, that he came to Louisville and interested himself in this matter at the instance of Hays-Levi Company and Strouse & Bros., and that these firms jointly paid his expenses on his first two trips. As further proof that he and his company were acting under authority for the other two defendants

in the purchase of plaintiff's claim, plaintiff introduced in evidence three written contracts, dated respectively, October 12, October 26, 1915, and February 1, 1916, by which Willett acquired all of the interests of Johnson and Striegel in their company for $7,000.00 cash, and, in addition, indemnified them against their personal liability on the claims of plaintiff, the Hays-Levi Company, Strouse & Bros., and three other creditors, who were all of the creditors of the debtor company to whom Johnson and Striegel were personally bound for their company's debts. Johnson and Striegel, as well as these creditors, except the Levi and Strouse firms, were claiming the debtor company was solvent and either contesting or threatening to contest the bankruptcy proceedings which the defendants had instituted, and the only reasonable inference that can be drawn from the contracts as explained by the oral evidence of the negotitions leading up to their execution and the purchase of all of these claims, other than Levi's and Strouse's, upon which Johnson and Striegel were personally liable, is that Willett and his company, who were not creditors at all, were acting throughout for the Strouse and Levi firms, who, in addition to being general creditors of the Johnson-Striegel Company, held personal notes against Johnson and Striegel, upon which the debtor company was not bound, aggregating $17,500.00 and to which were attached as collateral security all of the capital stock of the debtor corporation. This is especially true since it is shown that the effort of these two firms throughout had been and was to get Johnson and Striegel out and themselves into control of the business. Who else would have paid $7,000.00 for the assets which represented the capital stock held by these two firms as collateral security for $17,500.00 and subject besides to all of the debts of a concern against which bankruptcy proceedings were pending? Certainly not Willett or his company as he would have us believe. It was paid over by Sachs as attorney and he represented not only Willett and his company but Hays-Levi Company and Strouse & Bros. as well. That this $7,000.00 was furnished by these two firms and that they also were to pay plaintiff for his claim as well is made even more apparent by a letter dated March 21, 1916, from the attorney Sachs to Duffin, plaintiff's attorney, which directed the latter, as witnesses for plaintiff testify was agreed as part of the con-

tract sued on, to file plaintiff's claim in the bankruptcy proceedings and credit any dividends apportioned thereto, and stating that "just as soon as we get the dividends on the $17,500.00 on Hays-Levi Company and Strouse & Bros.' claims we will arrange with you to complete the negotiations for the Union National Bank claim for the sixty-six and two-thirds per cent of the face value of the claim."

Defendants contend most earnestly that the court erred in refusing to exclude these contracts and this letter upon the ground that evidence of other independent, though similar, transactions is not competent to prove a particular transaction. This principle of law is sound but inapplicable here, because the several transactions, including the purchase of plaintiff's claim, were shown to be inseparably connected and but different parts of one entire transaction conducted by Willett at the instance of and for the benefit of his otherwise undisclosed or but scantily disclosed principals, Hays-Levi Company and Strouse & Bros.

Perceiving no error prejudicial to the substantial rights of any of the defendants the judgment is affirmed as to all of them.