## Big Sandy & Kentucky River Railway Company v. Stafford, et al.

(Decided February 10, 1925.)

## Appeal from Johnson Circuit Court.

1. **Eminent Doman—Evidence of Impairment of Value of Land Not Taken Held Admissible.**—Evidence that land involved was suitable for building lots which were in demand owing to its proximity to coal mine and railway junction, and that taking of strip sought to be condemned will materially impair value of remaining land for such purpose, is admissible.

2. **Evidence—Evidence of Sales of Similar Property in Immediate Vicinity is Admissible on Issue of Damages.**—Evidence of sales of similar property in immediate vicinity is admissible on issue of damages in eminent domain proceedings.

3. **Eminent Domain—Instruction Permitting Consideration of Advantages and Disadvantages Arising from Construction of Side Track Held Not Erroneous.**—In proceedings to condemn 10-foot strip of land necessary to give room for side track, instruction that jury might consider on issue of damages all advantages and disadvantages which might arise from construction of proposed railroad, held not erroneous on theory that such advantages or disadvantages had already resulted from construction and operation of main track.

4. **Eminent Domain—Instruction Authorizing Majority Verdict in Eminent Domain Proceedings is Error, but Not Prejudicial where Unanimous Verdict is Rendered.**—Instruction authorizing majority verdict in eminent domain proceedings is error, but not prejudicial, where unanimous verdict is rendered.

5. **Eminent Domain—Evidence Held to Sustain Award of Damages.**—Evidence held to sustain award of $1,075 for taking of 10-foot strip of land consisting of about one-third acre.

6. **Eminent Domain—Joint Judgment on Behalf of Landowner and Tenant Held Not Erroneous, though Tenant had Not Filed Exceptions to Commissioners' Report.**—In eminent domain proceed-

ings against landowner and tenant, that tenant filed no exceptions to commissioners' report fixing damages, held not to render erroneous a joint judgment on behalf of owner and tenant on appeal, where after institution of proceedings tenant had purchased land under an agreement whereby he was to share in any recovery.

C. B. WHEELER for appellant.

W. H. VAUGHAN & SON for appellees.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

The Big Sandy & Kentucky River Railway Company owns at the place in controversy a right of way forty feet in width, its tracks being laid in the center. Needing additional land upon which to construct a side track, it sought to condemn a strip ten feet in width and 1,590 feet long, lying adjacent to its right of way, and belonging to J. F. Stafford. A tenant, H. Sales was also made a defendant.

The commissioners fixed Stafford's damages at $800.00. Exceptions to the amount thus reported were filed by both the railway company and by Stafford. In a trial in the county court the defendant was given a judgment for $650.00. From this he appealed to the circuit court, where he and Stafford were awarded a joint verdict and judgment for $1,075.00, from which the railroad company appeals to this court.

The strip is taken from a narrow valley ranging in width from a few feet to 125 feet. A branch runs through it in two places, and part of it is swampy. It is shown by the evidence that in its present situation part of it is suitable for building lots, and that such lots are in demand owing to its proximity to a coal mine and railway junction, and to take the entire frontage for a depth of ten feet will materially impair its value for such purpose. Such evidence is not objectionable. W. Va. Ry. Co. v. Gibson, 94 Ky. 234; David v. L. & I. R. R. Co., 158 Ky. 721; Weiss, &c. v. Commissioners of Sewerage of Louisville, 152 Ky. 552; Sandy V. & E. Ry. Co. v. Bentley, 161 Ky. 555.

The same may be said as to evidence of sales of similar property in the immediate vicinity. City of Paducah v. Allen, 23 L. R. 701; L. A. & P. V. Elec. Ry. Co. v. Whipps, 25 Rep. 2312; C. St. L. & N. O. R. R. Co. v. Rottering, 26 Rep. 1167.

The second instruction reads:

"You will take into consideration all the advantages and disadvantages which you may believe from the evidence can be reasonably anticipated to result from the prudent construction and operation of the proposed railroad, and if you believe from the evidence that such disadvantages will exceed the advantages you will allow the defendants what you may believe from the evidence that such advantages equal or exceed such disadvantages, then you will find for the defendants only the direct damages as set out and defined in the first instruction, and nothing under this instruction."

It is urged that this was error, because all of the advantages and disadvantages that could reasonably be anticipated from the prudent construction and operation of the railroad have already resulted in the operation of the main track.

The same question was considered in Moore v. C. & O. R. Co., 202 Ky. 339, in which it was said:

"The argument may be sound, but after all the question was one of fact to be decided in the light of the physical conditions and the evidence bearing on the subject and was properly submitted to the jury by an instruction that has often met the approval of this court."

In that case the appeal was prosecuted by the landowner on the theory that no additional advantages could thereafter accrue. Here the appeal is by the other party, but we can see no difference in principle.

The court by its instructions authorized a majority verdict. This was error. L. & N. v. Lang, 160 Ky. 702. But a unanimous verdict was rendered and it does not appear that appellant was thereby prejudiced.

It is earnestly insisted that the verdict is not sustained by the evidence. In this respect the damage was fixed at a higher figure by appellees' witnesses and for a less sum by those for appellant. Only about one-third of an acre was taken. Its value was small, but according to the evidence the real damage was to the residue of the land by reason of the situation in which it was left.

In addition to what has been said above in reference to this matter, it is also shown that the appellee has a

two-story, six-room house facing the present right of way, with a road between it and the yard; that the strip sought includes the present road, and will necessitate another road through appellee's yard, reaching to, if not taking a part of his front porch, so that it cannot be said that the verdict is flagrantly against the evidence.

It is lastly argued that a joint judgment was rendered in favor of Stafford and Sales for $1,075.00, whereas Sales had filed no exceptions to the commissioners' report fixing the damage at $800.00 and should not be permitted to recover more than that sum.

There is no merit in this contention. At the time the condemnation proceedings were filed Stafford owned the land and Sales was his tenant. Both were made parties, Stafford being the only one in interest. Sales filed no exceptions to the report, and there was no reason for his doing so.

During the pendency of the action Sales purchased the property. In consisted of twenty acres and the consideration was $4,000.00. Of this consideration Sales paid $3,500.00 and it was agreed that of the recovery in this action $500.00 should be paid to Stafford and the remainder of the recovery divided between the two. Under these circumstances the verdict and judgment were proper.

Perceiving no error the judgment is affirmed.