# Louisville & Nashville Railroad Company v. Cornelius.

(Decided November 29, 1929.)

.WOODWARD, WARFIELD & HOBSON, J. W. BROWN, C. C. WILLIAMS, ASHBY M. WARREN and C. S. LANDRUM for appellant.

B. J. BETHURUM and JOHN S. CARROLL for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

By this condemnation suit, the appellant sought the acquisition of .49 of an acre of land belonging to the appellee for the purpose of double tracking its lines. In the county court, the jury awarded the appellee the sum of $200 by way of damages. On an appeal by the present appellee to the circuit court, the damages awarded him were fixed at $2,500, and from the judgment entered on that verdict this appeal is prosecuted.

The main ground relied upon for reversal is that the verdict is not supported by the evidence and for that reason the verdict is excessive.

It is practically conceded in this record that but for the special circumstances we shall presently mention, the amount awarded the appellee in the county court is ample compensation for the damages he has sustained by the taking of his land by the appellant. The special circumstances relied upon by him to sustain the larger verdict of the circuit court are these: The ground taken by appellant lies hard by the Sinks of Roundstone creek in Rockcastle county where this creek flows through a small gorge. The record establishes without dispute that the place condemned by the appellant is physically adapted to the erection of a dam for hydroelectric power production and that the taking of this property by the appellant will render it impossible for appellee to install such a dam and plant there, although the engineer of the appellant testifies that a plant could be erected further up the creek on the appellee's property at some increased cost over that necessary to erect such a plant at the spot condemned by the appellant. While it is true, as appellant argues, that it is not competent for the owner to show in cases like this to what use he intends to put the property nor what plans he has for its improvement, nor the probable future use of the property (see Lewis on Eminent Domain [3d Ed.] sec. 709), yet it is equally true that the adaptability of the property for certain uses may be shown if it adds to the value of the property. David v. L. & I. R. Co., 158 Ky. 721, 166 S. W. 230; L. & N. R. Co. v. White Villa Club, 155 Ky. 452, 159 S. W. 983; W. Va., P. & T. R. Co. v. Gibson, 94 Ky. 234, 21 S. W. 1055, 15 Ky. Law Rep. 7. Cf. Producers' Wood Preserving Co. v. Commissioners of Sewerage of Louisville, 227 Ky. 159, 12 S. W. (2d) 292, wherein the case of Weiss v. Commissioners of Sewerage of Louisville, 152 Ky. 552, 153 S. W. 967, relied upon by appellant, is explained and differentiated. In Lewis on Eminent Domain (3d Ed.) sec. 707, the discussion on this question of "Value for Particular Uses" is closed thus: "The conclusion from the authorities and reason of the matter seems to be that witnesses should not be allowed to give their opinions as to the value of property for a particular purpose, but should state its market value in view of any purpose to which it is adapted. The condition of the property and all its surroundings may be shown, and its availa-

bility for any particular use. If it has a peculiar adaptation for certain uses, this may be shown, and if such peculiar adaptation adds to its value the owner is entitled to the benefit of it. But, when all the facts and circumstances have been shown, the question at last is, what is it worth in the market?''

In this case, appellee introduced practically no evidence as to the adaptability of this property for a hydroelectric plant except to show that it was physically possible to erect such a plant at that place. Neither did he introduce any evidence, except the testimony of himself and his witness, L. H. Davis, to show that the market value of the property was enhanced one penny by its physical adaptability for a hydroelectric plant. It is true that he and Davis testified that the taking of this land by the appellant depreciated the value of his property by the sum of $7,500 due to the destruction of the site of the power plant, but neither he nor his witness qualified as an expert in this matter, and their opinions were not fortified by any facts except that showing that it was physically possible to erect a power plant at this place. Because this is so, it does not follow that the value of the land is enhanced thereby, since the amount of power which could be generated might be out of all proportion to the cost of its production, and the lack of any outlet for the use of the power due to the remote location of the property on which the power plant is situated might render futile the production of any power. Indeed, the examination of the appellee and his witness Davis disclosed that they knew nothing of these factors which might render nugatory the fact of the property's physical adaptability for a power plant site. Under these circumstances, the evidence of appellee and Davis is of very little worth, and is not enough upon which to base a verdict for damages so much greater than it is conceded would be just but for the special uses claimed for this property by appellee. L. & N. R. Co. v. Burnam, 214 Ky. 736, 284 S. W. 391. Since it was not shown that the property sought to be condemned was enhanced in value simply because it was possible to build an electric power plant upon it, the verdict of $2,500 is not supported by the evidence in view of the fact that it is conceded that $200 is ample compensation unless the property is enhanced in value because of its adaptability for a hydroelectric plant. For this reason, the case will have to be reversed.

Other questions are raised, but in view of the fact that the grounds on which they are based will probably not occur on the second trial, they will not be passed upon here. The trial court will add to its instructions the idea that the fair market value of land proposed to be taken is such a sum as an owner who desires to sell but is not compelled to do so would take for the property, and what a purchaser who desires to buy but is not compelled to have it would give for it under the circumstances.

For the reasons given, the judgment is reversed, with instructions to grant the appellant a new trial in conformity with this opinion.