**UNITED FUEL GAS COMPANY, Appellant,**

**v.**

**Willis MAUK et al., Appellee.**

Court of Appeals of Kentucky.

Nov. 12, 1954.

See also 272 S.W.2d **813.**

J. K. Wells, Paintsville, for appellant.

Thomas E. Nickel and Oscar Sammons, Greenup, for appellees.

MOREMEN, Judge.

Appellant, United Fuel Gas Company, has moved for an appeal from an $850 judgment of the Greenup Circuit Court on a verdict assessing damages for condemnation of a pipe line easement over a portion of a farm belonging to appellees, Willis and Flora Mauk.

The action originated in the Greenup County Court where exceptions were taken to the commissioner's award of $100 for the easement area. The exceptions were overruled and, on appeal, the circuit court entered the above judgment of $850—$350 being compensation for the easement area and $500 for resultant damage to the property.

The pipe line easement, which extends across appellees' property 200 feet, comprising 0.42 acres, is parallel and adjacent to the Chesapeake & Ohio Railroad right of way running through appellees' property. This pipe line also lies parallel to appellant's existing 12 inch pipe line installed pursuant to an easement acquired by deed in 1912, the provisions of which are essentially the same, and lies within the area of the easement sought in this action. Appellees' dwelling house, which is some 400 to 600 feet from the easements, is near U. S. Highway 23, which runs almost parallel with the railroad right of way and the said easements. The property in question is used as farming land. The easement does not preclude appellees' right to farm the area after the pipe is installed.

The principal grounds urged for reversal by appellant are the errors of the court in (1) excluding all evidence of the existence of the older easement and pipe line owned by appellant within the boundaries of the condemned easement; (2) refusing to instruct upon the mutual rights and obligations of appellant and appellees under the easement sought to be condemned; (3)

permitting appellees' witnesses to base their testimony as to value on certain specific sales.

Point 1

This case is peculiar and different from the ordinary condemnation case in that the condemnor has an existing pipe line easement acquired by deed on the same property, a part of which is sought to be condemned in this action. Appellant contends that the rejection of all evidence concerning the existing pipe line easement resulted in the jury finding a higher market value for the property than it would have, had it been cognizant of the existing servitude.

It is fundamental that a person whose property is taken is only entitled to compensation and resultant damage based on its fair market value in its condition and situation at the time of the taking. Evidence of that which tends to lower or raise the market value is a factor of much materiality and it is competent for either party to introduce such evidence. See Nichols on Eminent Domain, 3rd Ed., Vol. 5, Section 18.11(1); also 98 A.L.R. 640.

Where, as in this case, the property sought to be condemned is already subject to a servitude, if the existence of the servitude affects the market value of the property, it must be considered in determining the amount of damages. The presence of the easement was brought about by appellees or by their predecessor's voluntary act in granting a deed to the appellant in 1912. Thus, damages in a condemnation case to impose an additional burden must be placed on the market value of the property in its then condition, that is, with the servitude thereon. 18 Am.Jur., Eminent Domain, Sections 242, 248 and 343. The ruling of the trial court excluding this evidence was prejudicial to the appellant.

Appellees argue that the offer of proof contained in the avowal concerning the easement was not competent on the ground that appellants did not fulfil all formal requirements in offering best evidence as to deeds of easement. In Moore's Federal Practice, 2nd Ed., Vol. 5, Page 1315, in dis-

cussing Federal Rule 43(c), 28 U.S.C.A., which is similar to CR 43.10, it was said:

"The making of a formal offer of proof is not an absolute condition for alleging error in the exclusion of evidence, but where the significance of excluded evidence is not obvious, or where it does not appear what the witness would have testified to, an offer of proof must be made to preserve the question for appeal."

■ In the instant case the significance of the proof, was obvious and the avowals given were sufficient to present to this court the questions sought to be reviewed.

### Point 2

■ In this case the easement sought was not a fee, and appellant contends the court erred in refusing an instruction tendered by appellant which set out, described and defined the nature of the easement which it sought to acquire and fixed the various uses which were sought to be imposed on it. In this we believe the appellant is correct because the instruction given by the court merely submitted to them a direction to find damages for a permanent easement and the jury was not instructed as to the extent of the usage involved in the easement.

We have repeatedly held that in condemnation cases, an instruction defining the relative rights of the parties is required. Petroleum Exploration v. McGeorge, 225 Ky. 131, 7 S.W.2d 821; Tennessee Gas & Transmission Co. v. Furlong, 311 Ky. 514, 224 S.W.2d 664. Attention is called to Kentucky & West Virginia Power Co. v. May, 245 Ky. 333, 53 S.W.2d 696, where the court took the pains to set out the instructions controlling cases of this type. In all events, an instruction must be given defining the relative rights of the condemnor and condemnee where the fee itself is not taken. See Stanley's Instructions to Juries, Sec. 363. For a case not dissimilar to the one at bar, see Rogers v. Tennessee Gas & Transmission Co., 304 Ky. 863, 202 S.W.2d 737, and 18 Am.Jur., Eminent Domain, Sections 250, 251, Page 888.

### Point 3

■ The appellant complains because the testimony of certain of appellees' witnesses concerning market value was based upon various sales in the community. The witnesses testified on cross examination that they based their knowledge in part on prices paid property owners by the Chesapeake & Ohio Railroad in the latter's acquisition of its right of way. That this is not an apt indication of market value has been pointed out by this court. Chicago, St. L. & N. O. R. Co. v. Ware, 220 Ky. 778, 295 S.W. 1000; Kentucky Hydro-Electric Co. v. Woodard, 216 Ky. 618, 287 S.W. 985; Commonwealth, by State Highway Commission v. Combs, 229 Ky. 627, 17 S.W.2d 748; Louisville & N. R. Co. v. Johnson, 233 Ky. 628, 26 S.W.2d 535.

In the Ware case, it was emphasized that where the buyer or seller is under compulsion, the prices paid will not indicate fair market value of the property.

■ The appellant also complains of the testimony as to the value of the appellees' land based upon sale prices of lots in nearby towns. Although the appellees should be permitted to show the condition of their property and its availability for particular uses, it does not follow that without evidence other than the fact that it was physically possible to use it for building purposes, an award may be based upon such testimony. Something else must be shown. In Louisville & N. R. Co. v. Cornelius, 232 Ky. 282, 22 S.W.2d 1033, it was held that although the adaptability of property for certain uses may be shown, the owner should not be permitted to show to what use he intends to put the property or what plans he has for its improvement or probable future use.

■ However, the testimony of which appellant complains was elicited by the cross examination of its counsel and although we have held, as above indicated, that such testimony is incompetent and, upon proper objection, should be rejected by the trial court, appellant may not now properly complain when its production was initiated by it. De Borde v. Moore, 211 Ky. 396, 277

S.W. 461; Royal Adjustment Co. v. Union National Bank, 193 Ky. 704, 237 S.W. 409. However, we believe that this valuation resulted from the errors pointed out above and upon a retrial of this case, it is anticipated that the verdict will be commensurate with the true value of the land condemned. The question of the excessiveness of damages is specifically reserved.

For the reasons given, the motion for an appeal is granted and the judgment is reversed for proceedings consistent with this opinion.